UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SEGUNDO CANDA VARGAS (A-Number: 232-889-097),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-05662-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Jose Segundo Canda Vargas is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) and is subsequently re-detained, the Due Process Clause requires a bond hearing at which the government bears the burden to prove that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See e.g., Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C.

§ 1225(b) and that he "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." *See* Doc. 11 at 1–3. But courts in this district have held that due process requires a bond hearing when a noncitizen in petitioner's circumstances is re-detained. *See R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026). Respondents do not raise arguments that this court has not previously considered in its prior orders.

For the reasons stated in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED.

Respondents are ORDERED to provide petitioner Jose Segundo Canda Vargas (A-Number: 232-889-097) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten (10) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The

Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 20, 2026

UNITED STATES DISTRICT JUDGE